FILED
CLERK, U.S. DISTRICT COURT
10/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____RYO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JASON NOAH FEINMAN,<br><br>　　　　Defendant. | CR No. 2:25-cr-00838-JFW<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7201: Attempt to Evade and Defeat Tax; 18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Unlawful Monetary Transactions; 26 U.S.C. § 7301, 28 U.S.C. § 2461(c), 18 U.S.C. §§ 981, 982, and 1955: Criminal Forfeiture] |

The Acting United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7201]

From in or about January 2020 through in or about September 2022, in the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN, a resident of Calabasas, California, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2020 by committing one or more affirmative acts of evasion, including preparing and causing to be prepared,

and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service.  On that tax return, defendant FEINMAN reported and caused to be reported that he had no taxable income for the calendar year 2020 and that there was no tax, and then claimed a $75,503 refund.  In fact, as defendant FEINMAN knew, his taxable income for the calendar year 2020 was greater than the amount reported on the tax return, and as a result of such taxable income, there was a tax due and owing to the United States of America.

COUNT TWO

[18 U.S.C. § 1955]

Beginning no later than 2015, and continuing to on or about May 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN conducted, financed, managed, supervised, directed, and owned an illegal gambling business, specifically, a website that hosted bookmaking businesses involving taking bets on the outcomes of sporting events at agreed-upon odds in violation of California Penal Code Section 337a, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

COUNT THREE

[18 U.S.C. § 1957, 2(b)]

On or about January 2, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN, knowingly engaged in, and willfully caused others to engage in, a monetary transaction, in and affecting interstate commerce, of a value greater than $10,000, involving funds that he knew to be criminally-derived property, and which funds, in fact, were derived from specified unlawful activity, by accepting a $200,000 check and depositing the check into a Bank of America bank account he controlled, knowing the funds were derived from an illegal gambling business.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C) and 1955(d) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses, or used in the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially

diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Three of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or

//
//
//
//

(e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
Acting United States Attorney

*/s/* for

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

JOHN C. GERARDI
CHARLES A. O'REILLY
Trial Attorneys
Tax Division
U.S. Department of Justice