BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JOHN C. GERARDI (DC Bar No. 1617769)
CHARLES A. O'REILLY (CA Bar No. 160980)
Trial Attorneys
U.S. Department of Justice, Tax Division
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (202) 718-2190
    Facsimile:  (202) 514-9623
    E-mail:     john.gerardi2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

10/16/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>JASON NOAH FEINMAN,<br><br>      Defendant. | No. CR  2:25-cr-00838-JFW<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JASON NOAH FEINMAN |

1. This agreement constitutes the plea agreement between JASON NOAH FEINMAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the Tax Division of the United States Department of Justice (collectively, with the USAO, "the United States") in the investigation of defendant FEINMAN into his illegal gambling business, money laundering, and tax violations. This agreement is limited to the USAO and the Tax Division of the United States Department of Justice and cannot bind

any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to a three-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with the following: Tax Evasion, in violation of 26 U.S.C. § 7201; Operating an Illegal Gambling Business, in violation of 18 U.S.C. § 1955; and Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957.

b.    Not contest facts stipulated to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

2

h.    Ability to pay shall be assessed based on the Financial Disclosure Statement, referenced below, and all other relevant information relating to ability to pay.

i.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The United States is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the United States and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the United States by either email at usacac.finlit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 312 N. Spring Street, 11th Floor, Los Angeles, CA 90012.

3.    Defendant further agrees:

a.    To the entry as part of defendant's guilty plea of a personal money judgment of forfeiture which the parties stipulate should be in the amount of $3,000,000 against defendant, due in full the day of sentencing, which sum defendant admits was derived from proceeds traceable to and involved in the violations described in the factual basis of the plea agreement. Defendant understands that the money judgment of forfeiture is part of defendant's sentence and is separate from any fines or restitution that may be imposed by the Court, unless ordered otherwise by the Court.

b.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives (1) the requirements

3

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal and equitable defenses to the money judgment of forfeiture in any proceeding on any grounds including, without limitation, that the money judgment of forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that entry of the money judgment of forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

4.    Defendant admits that defendant received no more than $4,198,136 of unreported income during 2018, 2019, 2020, 2021, and 2022. Defendant agrees that:

a.    Defendant will file, prior to the time of sentencing, returns or amended returns for the years 2018 through 2022 subject to the above admissions, correctly reporting all income; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; will pay to the Fiscal Clerk of the Court all additional taxes and penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interests thereafter determined by the Internal Revenue Service to be owing as a result of any computational errors. Payments may be

made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustment to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for 2018 through 2022.

e.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

THE UNITED STATES' OBLIGATIONS

5.   The United States agrees to:

a.   Not contest facts stipulated to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, if defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend, if necessary, for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low-end of the applicable Sentencing Guidelines range as determined by the Court.

e.    To not further criminally prosecute defendant for violations of 26 U.S.C. §§ 7201, 7206(1) and 7206(2); 18 U.S.C §§ 1955, 1956, 1957, and 1960; and 31 U.S.C. §§ 5314, 5322, 5331, and 5332 arising out of defendant's conduct described in the agreed to factual basis set forth in paragraph 17 below. Defendant understands that this paragraph does not bar the use of such conduct as a predicate act or basis for a sentencing enhancement in a subsequent prosecution, including a prosecution pursuant to 18 U.S.C. § 1961 et seq.  Defendant understands that the government is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this Agreement. Defendant agrees that, at the time of sentencing, the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

                    NATURE OF THE OFFENSES

6.    Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, tax evasion, in violation of Title 26, United States Code, Section 7201, the following must be true:

a.    Defendant owed more federal income tax for the calendar year 2020 than was declared on defendant's income tax return for that calendar year;

b.    Defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

c.    Defendant made an affirmative attempt to evade or defeat such additional tax; and

d.    In attempting to evade or defeat such additional tax, defendant acted willfully, that is, that defendant knew federal tax law imposed a duty on him and intentionally and voluntarily violated that duty.

7.    Defendant understands that for defendant to be guilty of the crime charged in Count Two, that is, Operating an Unlawful Gambling Business, in violation of Title 18, United States Code, Section 1955, the following must be true:

a.    Defendant conducted a business consisting of unlawful sports gambling;

b.    Sports gambling was illegal in the State of California in which defendant, in part, conducted the business;

c.    The business involved five or more persons who conducted all or part of the business; and

d.    The business had been in substantially continuous operation by five or more persons for more than thirty days, or had gross revenue of $2,000 or more in any single day.

8.    Defendant understands that for defendant to be guilty of the crime charged in Count Three, that is, Unlawful Monetary Transactions, in violation of Title 18, United States Code, Section 1957, the following must be true:

a.    Defendant knowingly engaged or attempted to engage in a monetary transaction;

7

b. Defendant knew the transaction involved criminally derived property;

c. The property had a value greater than $10,000;

d. The property was, in fact, derived from unlawful sports gambling in violation of Title 18, United States Code, Section 1955; and

e. The transaction occurred in the United States. The term "monetary transaction" means the deposit, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. A "financial institution" includes check-cashing businesses and federally-insured banks.

### PENALTIES AND RESTITUTION

9. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 26, United States Code, Section 7201 and Title 18, United States Code Sections 1955 is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands that the statutory maximum that the Court can impose for a violation of Title 18, United States Code, Section 1957 is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is:

8

20 years imprisonment; a three-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

12.   Defendant understands and agrees that the Court may order defendant to pay restitution in the form of any additional taxes, interest and penalties defendant owes the United States based upon the count of conviction and any relevant conduct for tax years 2018 through 2022. Specifically, the parties agree that defendant shall pay restitution of no more than the following amounts:

| Tax Year | Amount of Restitution for Unpaid Taxes |
|----------|----------------------------------------|
| 2018 | $175,687 |
| 2019 | $160,869 |
| 2020 | $627,899 |
| 2021 | $326,711 |
| 2022 | $233,363 |
| **Total** | $1,524,528 |

13.   Defendant understands that the Court must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

14.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that

9

resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to felonies and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that conviction in this case may also subject him to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorneys or the Court, can predict to an

absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

17. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

***Offshore Costa Rican Sports Gambling Business***. Beginning in or before 2015 through at least May 1, 2024, in Los Angeles County, California, and elsewhere, defendant conducted a business that provided online website and support services that unlicensed and illegal gambling businesses used to facilitate or maintain their gambling activities by permitting the customers of these bookmakers to place their bets through websites maintained by defendant's business.

The business, which defendant operated in violation of California Penal Code Section 337(a), provided services which in turn helped maintain illegal gambling by illegal gambling businesses or sports bookmakers, who, in turn, involved five or more persons who conducted, financed, managed, supervised, directed, or owned all or part of the illegal gambling business, including C.K., Z.W., B.Z.,

11

and multiple foreign nationals. The illegal gambling businesses that defendant's services helped maintain, in turn, remained in substantially continuous operation from their inception and often had gross revenue of well over $2,000 on a single day.

Specifically, defendant, operating out of Los Angeles County and the Republic of Costa Rica, accepted and allowed bettors, through their bookmakers, such as C.K., to use his online service, which included a betting website (the "Betting Website"). The Betting Website was based in, and operated from, Costa Rica, and the defendant owned and operated it.

Bookmakers, including C.K., directed bettors to defendant's Betting Website. When bookmakers found a new customer—otherwise known as a bettor—who wanted to place wagers on sporting events, bookmakers would arrange for bettors to be given accounts on and access to the Betting Website. After the accounts were established, bookmakers advised bettors as to the limits on their wagering activity and directed the bettors to the Betting Website to allow bettors, including some who were California residents, to place wagers on sporting events over the internet, in violation of California Penal Code Section 337a.

Bookmakers kept track of bettors' wagering activities and win/loss records. When bettors won, bookmakers paid them based on the size of the bet and other information. When bettors lost, bookmakers collected the amounts due under the terms of the bet.

Bookmakers, including C.K., paid defendant, often in cash, for access to the Betting Website and related services. The amount of payment varied based upon the number of bettors bookmakers brought to the Betting Website.

The Betting Website's supporting infrastructure was in San José, the capital of Costa Rica. The Betting Website, at defendant's direction, employed people for maintenance, customer, and technical support. Bookmakers could call employees of the Betting Website working in Costa Rica for support in managing bettors' accounts. Defendant travelled to and from Los Angeles County, California, and San José, Costa Rica, while operating the Betting Website.

**_Money Laundering and Monetary Transactions._** Defendant conducted monetary transactions with money, a significant portion of which was generated by illegal gambling businesses and accumulated large amounts of cash. Defendant would exchange cash for checks made out to a business entity he controlled or to defendant directly with individuals, many of whom were participants in illegal gambling businesses.

For example, between May 18, 2018, to January 2, 2024, C.K. provided defendant 18 checks made payable to defendant or one of defendant's businesses, including a check for $200,000 dated January 2, 2024. Defendant deposited these checks into bank accounts he controlled. In return for those 18 checks, defendant provided C.K. more than $1.5 million in cash.

Moreover, in and around April 2023, C.K. sought to convert approximately $200,000 worth of cryptocurrency obtained through illegal bookmaking into cash through defendant. Defendant directed C.K. and Z.W. to send the cryptocurrency to another crypto wallet, and, in exchange, defendant gave Z.W. approximately $190,000 in cash.

Sometimes, people who exchanged checks for cash with defendant falsely wrote on the check memo lines that the checks were

13

related to a loan. Any reference to a loan was false and was meant to disguise the purpose of the check.

During the relevant period, defendant exchanged between $1.5 million and $3.5 million in checks made out to him or his business for cash. The defendant knew that a significant portion of these funds were derived from illegal sports gambling. Defendant further knew that the cash he was providing C.K. was to be used to promote or support illegal sports gambling.

***Tax Evasion.*** Defendant did not report his gambling business on his income tax returns; he also did not report or pay taxes on much of the income he received from the business.

Between 2018 and 2022, defendant, a resident of Calabasas, California, caused no more than $4,198,136.00 of income to not be reported on his and his wife's income tax returns. Defendant admits that he knowingly and willfully understated his taxable income and income tax on his federal income tax returns for each of tax years 2018 through 2022, and also knowingly and willfully caused his wife to understate her taxable income and income tax on her federal income tax returns. Defendant admits that he knew that he had additional income no more than the following amounts that defendant knowingly and willfully failed to report on income tax returns:

| Tax Year | Reported Taxable Income | Unreported Income |
|---|---|---|
| 2018 | $0 | $562,900.00 |
| 2019 | $0 | $519,179.00 |
| 2020 | $0 | $1,802,344.00 |

| 2021[1] | $629,622 | $658,900.00 |
|---|---|---|
| 2022 | $214,595 | $654,813.00 |
| | **Total:** | $4,198,136.00 |

On or about September 28, 2022, in Los Angeles County, defendant willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for tax year 2020, which was verified by a written declaration that it was made under the penalties of perjury, which defendant did not believe to be true and correct as to every matter, in that defendant reported he had no taxable income for tax year 2020, and reported that his total tax was $0, when, in truth and in fact, as defendant then knew, he had taxable income for that year and his total tax was greater than $0.

The false information provided by the defendant was material in that it affected the IRS's calculation of the amount of income tax that defendant owed for 2020.

SENTENCING FACTORS

18.  Defendant understands that in determining his sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing

---

[1]    Defendant's income tax return preparer completed and attempted to file defendant's 2021 Form 1040 but was unsuccessful. Regardless, by providing false information to his return preparer, defendant attempted to evade his income tax for 2021.

15

Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

19.   Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

| Count | Offense Level | USSG |
|---|---|---|
| 1 | Base Offense Level: 20-22<br><br>(a tax loss of more than $550,000 and no greater than $1.5 Million, or more than $1.5 Million and no greater than $3.5 Million)<br><br>Failure to report/correctly identify unlawful income: +2 | §§2T1.1; 2T4.1(H)-(I)<br><br>§2T1.1(b)(1) |
| 2 | Base Offense Level: 12 | §2E3.1(a)(2) |
| 3 | Base Offense Level: 12 | §2S1.1(a)(1) |
| **Combined Offense Level: 22-24** | | |

20.   The United States reserves the right to argue that a two-point adjustment concerning Count 2 for defendant being an organizer, leader, manager, or supervisor as set forth in USSG § 3B1.1(c) is appropriate. The defendant reserves the right to oppose this adjustment, and to request other downward adjustments, such as a reduction for being a Zero Point Offender.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    All rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

22.  Defendant understands that, except for an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal his convictions on the offenses to which he is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is no more than the high-end of the Sentencing Guidelines calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,524,528; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24.  The United States agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the United States gives up its right to appeal any portion of the sentence with the exception that the United States reserves the right to appeal the amount of restitution ordered.

WAIVER OF POST-CONVICTION COLLATERAL ATTACK

25.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of

18

newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

RESULT OF RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, or the failure to report criminal source income in excess of $10,000 enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, the United States may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the United States and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining counts of conviction, with both the United States and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the United States.

RESULT OF WITHDRAWAL OF GUILTY PLEA

27. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

19

involuntary, then the United States will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, an Attorney for the United States, and receives approval from the Tax Division.

### BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing. If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas;

b.   The United States will be relieved of all its obligations under this agreement. In particular, the United States will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crimes to which defendant has pleaded guilty; and

c.    The United States will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

30.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.    Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case. Although this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States's obligations not to contest the facts agreed to in this agreement.

21

32.    Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorneys, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

33.    Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorneys, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED.

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

| | |
|---|---|
| JOHN C. GERARDI | Date |
| CHARLES A. O'REILLY | |
| Trial Attorneys | |

| | |
|---|---|
| JASON NOAH FEINMAN | Date |
| Defendant | |

| | |
|---|---|
| ADAM H. BRAUN | 10.10.25 |
| Attorney for | Date |
| Defendant Jason Noah Feinman | |

23

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED.

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney


_____          _____
JOHN C. GERARDI                             Date
CHARLES A. O'REILLY
Trial Attorneys

_____          __10/10/25_____
JASON NOAH FEINMAN                          Date
Defendant


_____          _____
ADAM H. BRAUN                               Date
Attorney for
Defendant Jason Noah Feinman

23

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.


AGREED AND ACCEPTED.

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney


_____          10/14/25
JOHN C. GERARDI                          Date
CHARLES A. O'REILLY
Trial Attorneys



_____          _____
JASON NOAH FEINMAN                       Date
Defendant



_____          _____
ADAM H. BRAUN                            Date
Attorney for
Defendant Jason Noah Feinman

23

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorneys, and my attorneys have advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorneys in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

JASON NOAH FEINMAN
Defendant

Date 10/10/2025

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Jason Noah Feinman's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____    10.10.25
ADAM H. BRAUN                       _____
Attorney for                        Date
Defendant Jason Noah Feinman

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JASON NOAH FEINMAN,<br><br>        Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7201: Attempt to Evade and Defeat Tax; 18 U.S.C. § 1955: Operating an Illegal Gambling Business; 18 U.S.C. § 1957: Unlawful Monetary Transactions; 26 U.S.C. § 7301, 28 U.S.C. § 2461(c), 18 U.S.C. §§ 981, 982, and 1955: Criminal Forfeiture] |

The Acting United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7201]

From in or about January 2020 through in or about September 2022, in the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN, a resident of Calabasas, California, willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2020 by committing one or more affirmative acts of evasion, including preparing and causing to be prepared,

and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service.  On that tax return, defendant FEINMAN reported and caused to be reported that he had no taxable income for the calendar year 2020 and that there was no tax, and then claimed a $75,503 refund.  In fact, as defendant FEINMAN knew, his taxable income for the calendar year 2020 was greater than the amount reported on the tax return, and as a result of such taxable income, there was a tax due and owing to the United States of America.

COUNT TWO

[18 U.S.C. § 1955]

Beginning no later than 2015, and continuing to on or about May 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN conducted, financed, managed, supervised, directed, and owned an illegal gambling business, specifically, a website that hosted bookmaking businesses involving taking bets on the outcomes of sporting events at agreed-upon odds in violation of California Penal Code Section 337a, which business involved at least five persons who conducted, financed, managed, supervised, directed, and owned all or part of the business; had been in substantially continuous operation by at least five persons for a period in excess of thirty days; and had gross revenue of more than $2,000 in a single day.

3

COUNT THREE

[18 U.S.C. § 1957, 2(b)]

On or about January 2, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant JASON NOAH FEINMAN, knowingly engaged in, and willfully caused others to engage in, a monetary transaction, in and affecting interstate commerce, of a value greater than $10,000, involving funds that he knew to be criminally-derived property, and which funds, in fact, were derived from specified unlawful activity, by accepting a $200,000 check and depositing the check into a Bank of America bank account he controlled, knowing the funds were derived from an illegal gambling business.

4

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C) and 1955(d) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses, or used in the offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially

5

diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

6

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Three of this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or

//

//

//

//

7

(e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
Acting United States Attorney


JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

JOHN C. GERARDI
CHARLES A. O'REILLY
Trial Attorneys
Tax Division
U.S. Department of Justice

8